IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-216-BO

| | |
|---|---|
| ANDREW ALLEN,<br>    Plaintiff,<br><br>v.<br><br>THE GREER GROUP, INC,<br>    Defendant. | )<br>)<br>)<br>)    **ORDER**<br>)<br>)<br>) |

This matter comes before the Court on Defendant The Greer Group, Inc.'s Motion to Dismiss [DE-13]. Plaintiff has filed a Response, and the Motion is ripe for adjudication. For the following reasons, Defendant's Motion is GRANTED.

## BACKGROUND

### I.

Proceeding *pro se*, Plaintiff Andrew Allen initiated this action by submitting a Complaint and an application to proceed *in forma pauperis* on May 25, 2010. Plaintiff's application to proceed *in forma pauperis* was denied on June 20, 2010 [DE-5]. Plaintiff paid the applicable filing fee and on September 20, 2010, his Complaint was filed with the Court and a Summons issued [DE-9 and DE-10]. On October 8, 2010, Defendant moved for an extension of time to answer the Complaint or otherwise plead [DE-11]. The Court granted Defendant's Motion for Extension of Time and the deadline for Defendant to answer the Complaint or otherwise plead was set at November 2, 2010 [DE-12]. On November 1, 2010, Defendant filed the instant Motion to Dismiss.

Plaintiff purports to bring claims against Defendant for employment discrimination on the

basis of race and gender under Title VII of the Civil Rights Act of 1964 ("Title VII") because Defendant allegedly wrongfully terminated Plaintiff's employment on September 3, 2009 (Compl. ¶¶ 3, 4, 5, 6, 8.) Plaintiff appears to have filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), but the EEOC dismissed his Charge for being untimely and issued Plaintiff a Right-to-Sue Notice on or about June 18, 2010 [DE-4-1].

Given the Plaintiff's failure to file a timely Charge with the EEOC, Defendant moves to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). Defendant contends that Plaintiff has failed to sate a claim for which relief can be granted, since Title VII requires a plaintiff to timely file a Charge of Discrimination with the EEOC, and Plaintiff has failed to establish that he has met this requirement.

## DISCUSSION

### II.

Defendant moves to dismiss Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ___ U.S.

2

___, ___, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). A trial court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Accordingly, to survive a Rule 12(b)(6) motion, a complaint must contain facts sufficient "to raise a right to relief above the speculative level" and to satisfy the court that the claim is "plausible on its face." *Id.* 550 U.S. at 555, 570.

When deciding a Rule 12(b)(6) motion, the Court may consider relevant documents that Plaintiff filed with the Court in support of the claims raised in his Complaint without converting Defendant's motion to one for summary judgment. *See Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir.2009) (at the motion to dismiss stage, courts may take judicial notice of matters of public record, and they may consider documents attached to a motion to dismiss "so long as they are integral to the complaint and authentic."); *Bratcher v. Pharm. Prod. Dev.*, 545 F. Supp. 2d 533, 538 n. 3 (E.D.N.C. 2008) ("The court takes judicial notice of plaintiff's EEOC charge and the EEOC right-to-sue letter. A court may rely on documents that are integral to and explicitly relied on in the complaint without converting the motion into a motion for summary judgment.").

As a precondition to filing suit under Title VII, a plaintiff is required by law to file a Charge of Discrimination with the EEOC within 180 days of the alleged discriminatory activity. 42 U.S.C. § 2000e-5(e)(1). This time period is extended to 300 days if the plaintiff is pursuing his claim first with a designated state or local agency. *J.S. ex rel. Duck v. Isle of Wright Cnty. Sch. Bd.*, 402 F.3d 468, 475 n.12 (4th Cir. 2005) (citing 42 U.S.C. §§ 2000e-5(e)(1)); *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 440 (4th Cir. 1998). The failure to *timely* exhaust administrative remedies with the EEOC by filing a timely Charge bars plaintiff's ability to

recover on any purported claim. *Delaware State College v. Ricks*, 449 U.S. 250, 262 (1980); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002); *Bryant v. Bell Atlantic Maryland, Inc.*, 288 F.3d 124, 132 (4th Cir.2002) (noting that "[b]efore a plaintiff has standing to file suit under Title VII, he must exhaust his administrative remedies by filing a charge with the EEOC."). "The limitations periods, while guaranteeing the protection of the civil rights laws to those who promptly assert their rights, also protect employers from the burden of defending claims arising from employment decisions that are long past." *Ricks*, 449 U.S. at 256–57 (citing *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 463–64(1975); *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977)).

Determining the timeliness of Plaintiff's EEOC Charge of Discrimination, and the propriety of this ensuing lawsuit, requires the Court to identify precisely the "unlawful employment practice" of which Plaintiff complains. *Ricks*, 449 U.S. at 257. The very *latest* any unlawful employment practice could have occurred was on Plaintiff's date of discharge, September 3, 2009. Giving the Plaintiff the benefit of the doubt, then, and assuming that September 3, 2009 is the relevant date of reference, Plaintiff needed to file his EEOC Charge against Defendant by March 3, 2010 in order to meet the 180-day jurisdictional deadline.

Plaintiff alleges that he filed an EEOC Charge against Defendant on September 3, 2009, the day of his discharge, and that he received his Right-to-Sue Notice on May 19, 2010. However, considering those documents properly in the record,[1] the Court finds Plaintiff's allegations not to be credible.

---

[1] Such considerations by the Court are proper at this stage of the proceeding. *Bratcher*, 545 F. Supp. 2d at 538 n.3.

Defendant contends it has no record of ever receiving a copy of Plaintiff's Discrimination Charge from the EEOC before that agency dismissed Plaintiff's Charge for being untimely and issued Plaintiff a Right-to-Sue Notice. Moreover, Plaintiff failed to submit a timely EEOC Right-to-Sue Notice with his Complaint on May 25, 2010. The Court's Order to Particularize [DE-3] directed Plaintiff on June 4, 2010 to submit his timely filed Right-to-Sue Notice. The EEOC Dismissal and Notice of Rights letter that Plaintiff eventually filed in response to the Court's Order is dated **June 18, 2010** [DE-4-1], 14 days after the Court indicated that a timely Right-to Sue-letter was an essential element of Plaintiff's claim. These dates and the EEOC's dismissal of the Charge which explicitly states the Charge was untimely filed strongly suggest that Plaintiff, contrary to his assertion in the Complaint, did not file his EEOC Charge in September 2009. Instead, a rational reading of the record indicates that Plaintiff filed his EEOC Charge against Defendant in 2010, probably after the Court alerted him through the Order to Particularize of June 4, 2010 [DE-3] of this precondition to him bringing suit against Defendant.

The EEOC determined that Plaintiff's Charge was not timely filed and, therefore, dismissed his Charge as untimely and issued him a Right-to-Sue Notice [DE-4-1]. Since the EEOC found that Plaintiff failed to exhaust his administrative remedies for his claims against Defendant, Plaintiff's Complaint against Defendant s must be dismissed on the basis of Plaintiff's failure to exhaust his administrative remedies as required under Title VII. *Griggs v. Duke Power Co.*, 401 U.S. 424, 433–34 (1971); *Mohasco Corp. v. Silver*, 447 U.S. 807 (1980). It would be manifestly unfair to Defendant and wasteful of judicial resources to allow a claim to proceed based on Plaintiff's bare allegations in his Complaint that he timely filed an EEOC Charge, when the EEOC's Right-to-Sue Notice readily shows that the Charge was not filed in a

timely fashion. As a matter of law, Plaintiff cannot prevail in this case where his EEOC Charge was untimely. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002); *Williams v. Giant Food Inc.*, 370 F.3d 423, 428 (4th Cir.2004).

It is true, of course, that the 180-day timing limitation may be waived in certain situations. *See Zipes v. Trans World Airlines*, 455 U.S. 385, 393 (1982). The Fourth Circuit has recognized three separate but similar methods of modifying the 180-day limitations period in employment discrimination cases: the discovery rule, equitable tolling, and equitable estoppel. *See Hamilton v. 1st Source Bank*, 895 F.2d 159, 163 (4th Cir. 1990). The Fourth Circuit, however, has stated that exceptions to the statute of limitations in employment cases are "narrow" and should be invoked only where "an employee's failure to timely file results from either a 'deliberate design by the employer or actions that the employer should unmistakably have understood would cause the employee to delay filing his charge.'" *Olson v. Mobil Oil Corp.*, 904 F.2d 198, 201 (4th Cir. 1990) (quoting *Price v. Litton Business Sys., Inc.*, 694 F.2d 963, 965 (4th Cir. 1982).

Plaintiff has not alleged–nor could he–that any of the equitable tolling doctrines apply and save his stale claim from dismissal. There are no facts in the Complaint suggesting that Plaintiff was prevented from filing a timely EEOC charge within the 180-day deadline due to any alleged misconduct by the Defendant. Equitable tolling is the exception to the general rule, but on these facts, that exception is inapplicable.

Plaintiff's threadbare allegations that he timely filed a Charge of Discrimination are contravened by the record evidence and, specifically, by Plaintiff's own filings. Plaintiff's allegations are not, accordingly, sufficient to withstand a Rule 12(b)(6) motion to dismiss. The

6

Case 5:10-cv-00216-BO Document 17 Filed 03/23/11 Page 6 of 7

Court finds that the Complaint fails "to raise [Plaintiff's] right to relief above the speculative level" and to satisfy the Court that his claim is "plausible on its face." *Twombly*, 550 U.S. at 555, 570. Defendant is entitled to the requested relief.

CONCLUSION

III.

Based on the foregoing, Defendant's Motion to Dismiss [DE 13] is GRANTED. Plaintiff's Complaint [DE 9] is DISMISSED in its entirety. The Clerk is DIRECTED to close this case.

DONE and ORDERED.

This ____ day of March, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE